**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY A. COMBS,** | ) | CASE NO. 5:17 CV 2713 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **LASHANN EPPINGER, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Timothy A. Combs filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Combs is currently incarcerated in the Grafton Correctional Institution, having been convicted in 1986 of Aggravated Murder, Kidnaping, Rape, Aggravated Arson and Felonious Sexual Penetration. In his Petition, he claims the criminal Complaint brought against him in 1985 is missing a file-stamp certification, making his conviction void and violating his Fifth, Sixth and Fourteenth Amendment rights. For the reasons set forth below, the Petition is denied and this action is dismissed.

## **I. BACKGROUND**

On September 10, 1985, the victim, twelve-year-old Raymond Fife, was found in a field directly behind a supermarket in Warren, Trumbull County, Ohio. At the time he was found, Fife was alive, but unconscious. He died two days later from the injuries he sustained that evening.

Petitioner and his Co-Defendant, Danny Hill, were indicted by the Trumbull County Grand Jury on five charges, including Aggravated Murder with Specifications of Aggravating Circumstances, Kidnaping, Rape, Aggravated Arson, and Felonious Sexual Penetration. He confessed to police subsequent to his arrest and later moved to suppress those statements. The Trumbull County Common Pleas Court denied his Motion after a hearing. The case later was transferred to the Portage County Court of Common Pleas, where the case was tried to a jury. On May 5, 1986, the jury found Petitioner guilty of all five counts contained within the indictment. He was sentenced to life imprisonment with parole eligibility after 30 years on each of the Aggravated Murder, Rape, and Felonious Sexual Penetration convictions; and ten to 25 years of imprisonment on the Aggravated Arson and Kidnaping convictions. All sentences were ordered to be served consecutively.

Petitioner appealed his conviction. *State v. Combs*, No. 1725, 1988 WL 129449, at *1–9 (Ohio Ct. App. Dec. 2, 1988). He asserted five assignments of error which do not concern the ground asserted in this Petition. His conviction and sentence were affirmed. He did not appeal that decision to the Supreme Court of Ohio. He attempted to filed a Petition for a Writ of Habeas Corpus in the Supreme Court but it was dismissed *sua sponte* by the Court.

Petitioner has now filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, nearly thirty years after his conviction became final. He asserts that the Complaint filed to charge him with his crimes did not contain a file-stamp. He concludes that this voids his conviction.

## II.  LAW AND ANALYSIS

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended

28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

**<u>Procedural Barriers to Habeas Review</u>**

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

-3-

28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* .

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265

(6th Cir. 1991). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

Finally, AEDPA contains a one-year statute of limitations period which runs from the latest of the date of which the judgment became final by the conclusion of direct review or the time for seeking direct review, or the date on which the impediment to filing an application created by the state was removed. 28 U.S.C. § 2244(d)(1). When a petitioner's conviction became final before AEDPA took effect, the federal limitations period began to run on AEDPA's effective date, April 24, 1996, giving the petitioner one year from that date (in the absence of tolling) to file a federal habeas petition. *Carey v. Saffold*, 536 U.S. 214, 217 (2002). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Analysis**

As an initial matter, although Petitioner contends the charging document filed in his case lacked a file stamp, the Court can see a file stamp on the form, which he attaches to the his Petition. The document was turned on its side and stamped just above the complainant's signature. The date

on the stamp is October 21, 1985.

Furthermore, even if the stamp were not present, Petitioner did not assert this ground in the state courts. The Complaint is part of the court record, meaning this claim could and should have been raised, if at all, on direct appeal. He did not do so. Furthermore, although he filed a Petition for Writ of Habeas Corpus in the Ohio Supreme Court, he did not assert any grounds for relief. That Petition was dismissed *sua sponte*. Moreover, Petitioner has no remedy available in state court to raise this claim. It is therefore procedurally defaulted and he offers no cause for his nearly thirty year delay in raising it. His habeas petition is also filed well beyond the expiration of the one-year statute of limitations under AEDPA.

Finally, even if Petitioner had exhausted his state court remedies, or demonstrated cause or prejudice to excuse his procedural default, his claim is not cognizable in a federal habeas corpus petition. Whether a criminal complaint requires a file stamp or some other notation to be official is a matter of Ohio law, not federal constitutional law. State prisoners are entitled to federal habeas corpus relief only when they are in "custody" due to violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). An argument based solely upon state law fails to state a claim upon which habeas corpus relief may be granted unless the error in state law is so egregious that Petitioner was denied a fundamentally fair trial. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Here, Petitioner was indicted by a grand jury. He was represented by counsel. There is no suggestion in the Petition that Petitioner was denied fundamental fairness at trial because the file stamp on the initial criminal Complaint was partially obscured. This is purely a matter of state law, and is not redressable through the federal habeas process. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

## III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

        s/ Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        UNITED STATES DISTRICT JUDGE

DATED: April 19, 2018